DICKINSON, PRESIDING JUSTICE,
DISSENTING:
¶ 26. I join Justice Kitchens’s well-reasoned dissent. But I am compelled to write separately to address the majority’s troubling conclusion that, for the first time in this Court’s history, a disputed fact question does not doom summary judgment, but rather is to be decided by the trial court and reviewed for an abuse of discretion. Because Shirley Adams created a disputed question of material fact when she swore she did not know she was supposed to list her lawsuit in bankruptcy, summary judgment is inappropriate.
¶ 27. The majority claims that both Justice Kitchens and I are attempting “to create an issue of fact by citing Adams’s affidavit in which she averred that she was distracted by the treatment of her mother to the point that it did not occur to her to update her bankruptcy schedules.” Not so. I do not suggest Adams created a genuine issue of material fact by claiming mere distraction. Instead, Adams created a genuine issue of material fact when she swore in her affidavit: “I had no idea that I was supposed to change my bankruptcy to show the lawsuit.” The majority never addresses this statement.
¶28. The majority correctly points out that in In re Superior Crewboats, Inc., the United States Court of Appeals for the Fifth Circuit applied judicial estoppel to bar a suit that had not been disclosed in bankruptcy proceedings. But the majority fails to disclose that the Fifth Circuit specifically noted that the plaintiffs “were aware of ... their continuing obligation to disclose its existence to the court.”[4] Here, Adams’s affidavit refutes that she possessed that knowledge. And, if Adams is telling the truth — and we are supposed to accept her statement as true[5] — I would have thought it obvious that she had no motive to conceal her lawsuit from the bankruptcy court until she learned she was obligated to disclose it. I challenge the majority logically to explain how one can possess a motive to withhold disclosure of information that person is unaware of any obligation to disclose.
¶29. One cannot reach the majority’s conclusion without resolving the disputed fact question as to whether Adams was *584 aware she had to disclose this suit in her bankruptcy filings. In her affidavit, she swears she was unaware of this and that should defeat summary judgment. I predict the majority’s decision to impose upon circuit judges the duty to judge the credibility of affidavits filed in opposition to motions for summary judgment, will come as a curiosity to the Bar and an unpleasant surprise to the Bench.
KITCHENS AND KING, JJ., JOIN THIS OPINION.

. In re Superior Crewboats, Inc., 374 F.3d 330, 335 (5th Cir. 2004).

. Miss. R. Civ. P. 56.